UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GU SEON SONG, | Case No.: 1:21-CV-11207 |
| Plaintiff, | |
| -against- | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| SHINHAN BANK AMERICA, | |
| Defendant. | |

Defendant Shinhan Bank America ("Defendant"), by and through its attorneys, FordHarrison LLP, as and for its Answer to Plaintiff's Complaint, alleges as follows:

## THE PARTIES

1. Defendant admits that Plaintiff was a former employee of Defendant, and lacks information and knowledge to form a belief as to the remainder of allegations set forth in paragraph 1 of the Complaint.

2. Defendant admits that it is headquartered in the State of New York, but denies the remainder of the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits that Plaintiff purports to allege that jurisdiction in this Court is proper, but denies the remainder of allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff purports to allege that venue in this Court is proper, but lacks information or knowledge sufficient to form a belief as to the remainder of allegations set forth in paragraph 4 of the Complaint.

## FACTUAL BACKGROUND

5. Defendant admits that Plaintiff was formerly employed by Defendant.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant neither admits nor denies the allegations set forth in paragraph 7 of the

Complaint, and refers the Court to the text of the Consent Order referenced therein.

8.  Defendant neither admits nor denies the allegations set forth in paragraph 8 of the Complaint, and refers the Court to the text of the Consent Order referenced therein.

9.  Defendant neither admits nor denies the allegations set forth in paragraph 9 of the Complaint, and refers the Court to the text of the Consent Order referenced therein.

10. Defendant neither admits nor denies the allegations set forth in paragraph 10 of the Complaint, and refers the Court to the text of the Consent Order referenced therein.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff held the position of Chief Audit Executive prior to his separation of employment, but deny the remainder of allegations set forth in the Complaint.

13. Defendant admits that the duties listed within paragraph 13 of the Complaint were part of Plaintiff's responsibilities towards the end of his employment with Defendant, but deny that these were Plaintiff's only duties and deny the remainder of allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits that it retained Ernst and Young in 2017, but deny the remainder of allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits that the BSA/AML Risk Assessment in 2018 was handled internally, but, denies knowledge sufficient to form a belief as to the truth of the remainder of allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant admits that it conducted an internal audit in or around 2019, but, based on Plaintiff's specific characterization of said audit, lack information or knowledge sufficient to form a belief as to the truth of the remainder of allegations set forth in paragraph 22 of the Complaint.

23. Defendant neither admits nor denies the allegations set forth in paragraph 23 of the Complaint, and refers the Court to the text of the KYC Audit Report referenced therein for the characterization of the conclusions and recommendations set forth in said Report.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant admits Plaintiff requested revisions to the KYC Internal Audit Report to reflect additional Shinhan efforts, but, denies knowledge sufficient to form a belief as to the truth of the remainder of allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant admits the Report referenced in paragraph 31 of the Complaint complied with the Consent Order, but otherwise denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant admits that the FDIC requested information from Defendant in or around 2019

regarding its compliance with the Consent Order, but otherwise denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Defendant admits that an audit report was provided to the FDIC in or around 2019, but otherwise lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations sets forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint

49. Defendant admits Plaintiff's employment ended in or around 2020, but denies the remainder of allegations set forth in paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint.

## FIRST CAUSE OF ACTION (VIOLATION OF 12 U.S.C. 1831j)

51. Defendant neither admits nor denies the allegations set forth in paragraph 51 of the Complaint and refers to the text of the statue referenced therein.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

The "Wherefore" clauses following paragraph 54 of the Complaint, identified as paragraphs 1 through 3, states a prayer for relief to which no responsive pleading is required. To the extent a response is required, Defendant denies Plaintiff's allegations and claims contained in the "Wherefore" clause and deny Plaintiff is entitled to any relief whatsoever.

## DEFENDANT'S SEPARATE AND OTHER DEFENSES

By way of further answer, Defendant asserts the following separate and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses Defendant intends to raise, and Defendant assumes no burden of proof as to any of the following defenses where the law does not impose such burden on Defendant.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted with respect to some or all of his claims.

## SECOND DEFENSE

All of Defendant's decisions concerning Plaintiff were based on legitimate, non-discriminatory reasons.

## THIRD DEFENSE

At all relevant times, Defendant's actions were in good faith with regard to Plaintiff and it had reasonable grounds for believing its actions did not violate any law.

## FOURTH DEFENSE

Plaintiff has a duty to mitigate any alleged damages, and to the extent Plaintiff did not or will not mitigate such damages, Defendant is entitled to a set-off, should Plaintiff prevail. In addition, any recovery by Plaintiff must be setoff and/or reduced by wages, commissions, pay and benefits, other earning or remunerations, regardless of form received, that were paid or due to Plaintiff or receivable with exercise of due diligence.

## FIFTH DEFENSE

Plaintiff cannot recover any punitive damages because Defendant did not engage in any intentional discriminatory or retaliatory practice with malice or reckless indifference to Plaintiff's statutorily protected rights. Plaintiff also cannot recovery punitive damages because any unlawful actions were contrary to Defendant's good faith efforts to comply with the law.

## SIXTH DEFENSE

Plaintiff's claim for damages based on allegations of discrimination and/or retaliation are barred because even if any decision concerning Plaintiff was based, in part, on discriminatory or retaliatory grounds, which Defendant adamantly denies, Defendant would have reached the same decision absent any alleged discrimination.

## SEVENTH DEFENSE

If Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in his termination had Defendant known, Plaintiff is not entitled to damages and/or equitable relief based upon this after acquired evidence should he prevail.

## EIGHTH DEFENSE

At no time did Defendant willfully or intentionally violate any non-discrimination statute with respect to Plaintiff.

## NINTH DEFENSE

To the extent that Plaintiff is attempting to assert an entitlement to an award of attorney fees, Plaintiff has failed to establish he is entitled to fees under New York or Federal law.

## TENTH DEFENSE

To the extent Plaintiff alleges that Defendant regarded/perceived him as a complainant, Plaintiff claims are barred because any alleged perceived disability was transitory and minor.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if Plaintiff made a qualified complaint, he was fired for otherwise legitimate reasons.

## TWELFTH DEFENSE

Plaintiff's claims are barred as a matter of law as he cannot show that "but for" his reaching out to the FDIC, the alleged adverse employment action would not have occurred.

## THIRTEENTH DEFENSE

Plaintiff knowingly and/or recklessly provided substantial false information to any agency, such as the FDIC or the Attorney General.

## FOURTEENTH DEFENSE

Plaintiff deliberately caused or participated in the alleged violation or law or regulation.

## RESERVATION OF RIGHTS

Defendant reserves the right to offer additional affirmative defenses that cannot now be articulated due to Plaintiff's failure to particularize its claims. Upon further particularization of the claims by Plaintiff, or upon further discovery concerning the alleged claims at issue herein or  Defendant's defenses thereto, Defendant reserves its right to assert additional affirmative defenses as the facts and law warrant, including during the trial of this matter.

Dated: February 1, 2022
      New York, NY

Respectfully Submitted,

FORDHARRISON LLP


By:    */s/ Vincent M. Avery*
    Vincent M. Avery, Esq.
    366 Madison Ave, 7th Fl
    New York, NY 10017
    P: (212) 453-5900
    vavery@fordharrison.com
    *Attorneys for Defendant*