**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GU SEON SONG,

Plaintiff,

-against-

SHINHAN BANK AMERICA,

Defendant.

Case No.: 21-cv-11207

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties, Plaintiff Gu Seon Song ("Plaintiff") and Defendant Shinhan Bank America ("Defendant") (collectively, "Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with this litigation:

1.      Disclosure and discovery activity in this action will involve production of confidential material, for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted.

2.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Material").

3.      Counsel for any party may designate any document or information, in whole or in part, as Confidential Material if counsel determines, in good faith, that such designation is

necessary to protect the interest of the client and the disclosure of such information will result in a clearly defined and very serious injury to the client. Information and documents designated by a party as Confidential Material will be stamped "CONFIDENTIAL."

4.     The Confidential Material disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution within 5 business days, the challenging party may seek resolution by the Court. The non-challenging party will have the burden to prove that the document(s) challenged are confidential. Nothing in this Protective Order constitutes an admission by any party that Confidential Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Material.

6.     Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;
    b.  Employees of such counsel assigned to and necessary to assist in the litigation;
    c.  Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;
    d.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;
    e.  As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
    f.  Federal Deposit Insurance Corporation, or any other Federal Agency, and the New York State Department of Financial Services, or any other New York State Agency;
    g.  Any witness who counsel for a Party in good faith believes may be

2

called to testify at trial or deposition in this action, not covered by sub-paragraphs (a) through (g); and

h. The Court (including any mediator, or other person having access to any Confidential Material by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "FOR ATTORNEYS' OR EXPERTS' EYES ONLY."

7.   Prior to disclosing or displaying the Confidential Material to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require individuals covered by sub-paragraphs (c) and (d) in paragraph 6 above, to sign the "Acknowledgement and Agreement to Be Bound" form attached as Exhibit A.

8.   The disclosure of a document or information without designating it as "CONFIDENTIAL" or "FOR ATTORNEYS' OR EXPERTS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Material. If so designated, the document or information shall thereafter be treated as Confidential Material subject to all the terms of this Stipulation and Order.

9.   Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10.   Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall

be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).
Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review
of documents, ESI or information (including metadata) for relevance, responsiveness and/or
segregation of privileged and/or protected information before production.

11.     When filing Confidential Material with the Court, the Parties stipulate and agree to
undertake good faith efforts to file said Confidential Material under seal. However,
notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no
presumption that such information shall be filed with the Court under seal. The Parties shall follow
the Court's procedures for requests for filing under seal.

12.     At the conclusion of litigation, Confidential Material and any copies thereof shall
be promptly (and in no event later than 30 days after entry of final judgment no longer subject to
further appeal) returned to the producing party or certified as destroyed, except that the parties'
counsel shall be permitted to retain their working files on the condition that those files will remain
protected.

13.     Nothing herein shall preclude the Parties from disclosing material designated to be
Confidential Material if otherwise required by law or pursuant to a valid subpoena.


SO STIPULATED AND AGREED.

Dated: October _14_, 2022
       New York, New York

_____
Henry Hong Jung, Esq.
Jung & Associates, PC
470 Park Avenue S, Suite 7N
New York, New York 10016
Attorneys for Plaintiff

_s/ Vince M. Avery_
_____
Vince M. Avery, Esq.
FordHarrison LLP
366 Madison Avenue, 7th Floor
New York, New York 10017
Attorneys for Defendant

SO ORDERED

_____
United States District Judge
October 17, 2022

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have been informed by counsel that certain document or information to be disclosed to me in connection with the matter entitled *Song v. Shinhan Bank America*, Case No. 21-cv-11207, have been designated as Confidential Material. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

_____          _____
Name (Printed)                        Signature

6