**JUNG & ASSOCIATES**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
470 PARK AVENUE SOUTH, SUITE 7 NORTH
NEW YORK, N.Y. 10016

HENRY H. JUNG

EDWARD S. FELDMAN
JOHN J. CONNOLY
OF COUNSEL

TEL: (212) 481-0800
FAX: (212) 481-0820
HJUNG@CRYSTALLAW.COM

November 23, 2022

*Via ECF*

Hon. Judge Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

**Re: <u>Gu Seon Song v. Shinhan Bank America (21-cv-11207)</u>**

Dear Honorable Judge Engelmayer,

This firm represents Plaintiff in the above-referenced action. We write this letter to request this Court to (1) compel Defendant to fully respond to Plaintiff's Deficiency Letter dated October 21, 2022 (the "Deficiency Letter") and (2) schedule a conference to discuss all other outstanding discovery issues to be addressed below in this letter.

As a preliminary matter, Plaintiff's counsel states that he has read and followed Your Honor's Individual Practices and Rules 2.C and that the parties had a meet and confer session over the phone on November 18, 2022 ("Meet and Confer Session"). During the Meet and Confer Session, Defendant' Counsel, Mr. Vincent Avery promised that he would fully respond to Plaintiff's Deficient Letter and inform Plaintiff of the available deposition dates for Defendant's witnesses by November 21, 2022. We have yet to be responded to by Mr. Avery. Plaintiff tried his best not to get the Court involved for any discovery disputes throughout the process as evident below but this letter motion is now being filed as a last resort due to Defendants' repeated failures to comply with Plaintiff's requests even after Plaintiff had afforded Defendant of an extended time to respond.

- **DEFICIENCY LETTER**

Following the issuance of the Court Order dated October 13, 2022 (Doc. No. 23), on October 14, 2022, Defendant produced only some of the documents ("1014 Production") that it had agreed to produce upon the execution of the Confidentiality Stipulation. Plaintiff learned that Defendant did not produce responsive documents for twenty-two (22) requests. Since Defendant's 1014 Production was grossly inadequate in that it still failed to produce a number of documents Defendant promised it, Plaintiff sent a Deficiency Letter to Defendant's counsel on October 21, 2022. A copy of the Deficiency letter Plaintiff served on Defendant on October 21, 2022 is attached as *Exhibit A*.

In the Deficiency letter, Plaintiff asked Defendant to remedy the deficiencies by October 28, 2022. However, Mr. Avery did not make any response to Plaintiff's deficiency letter. The following is a summary of Plaintiff's repeated attempts to resolve this dispute without any intervention from the Court:

1. October 21, 2022: Plaintiff's Counsel sent a Deficiency Letter to Mr. Avery and demanded to remedy the deficiencies by 10/28/22. Mr. Avery did not respond to this demand.
2. November 4, 2022: Since Mr. Avery did not respond to Plaintiff's Deficiency Letter, Plaintiff Counsel requested a phone conference before Plaintiff filed a letter motion to address this issue.
3. November 9, 2022: The parties had a phone conference. During the phone conference, Mr. Avery advised Plaintiff's counsel that the parties engage in a settlement discussion. Plaintiff made a settlement offer and demanded Defendant's response by November 16, 2022.
4. November 17, 2022: Since Plaintiff had not received Defendant's response to Plaintiff's settlement offer and the Deficiency Letter, Plaintiff requested a meet and confer session pursuant to Your Honor's Individual Practices and Rules 2.C.
5. November 18, 2022: The parties had a meet and confer session over the phone. During the meet and confer session, Mr. Avery made a representation that he would fully respond to Plaintiff's Deficiency Letter by November 21, 2022. A copy of the email memorializing the meet and confer session is attached as *Exhibit B*.

As of today, Mr. Avery has not responded to Plaintiff's deficiency letter even though he informed us that he was working on it. In addition to the Deficiency Letter, Mr. Avery has not responded to the following requests:

- **PROPOSED THIRD REVISED CIVIL CASE MANAGEMENT PLAN**

Pursuant to Your Honor's Order dated November 1, 2022 (Doc. No, 32), Plaintiff's Counsel prepared a proposed third revised civil case management plan and asked Defendant's counsel

whether he would consent to the proposed plan. Plaintiff's four (4) separate attempts to obtain consent from Defendant's counsel had all been unanswered.

- **DEPOSITION SCHEDULES**

As Plaintiff plans to depose at least twelve (12) Shinhan witnesses, the lack of cooperation and failure to comply with Your Honor's Order on the part of Mr. Avery has already posed significant challenges to meeting the discovery cut-off date and it would be quite problematic for Plaintiff to be able to conduct the prescribed depositions against the Court-mandated deadline in the absence of meaningful documents that should be fully reviewed and scrutinized.

In light of the fact that Defendant shows no sign of taking its obligation seriously, Plaintiff is concerned that Defendant is only interested in delaying this action and leaving Plaintiff in a very prejudicial and precarious position after the discovery is closed. Plaintiff has no choice but to seek an order compelling Defendant to provide its response and to seek guidance from the Court in further extending the discovery cut-off date so that Plaintiff is not prejudiced in any way in obtaining all available documents and conducting a well prepared and thorough depositions.

Thank you for your time and consideration of this request.

Respectfully submitted,
/s/ Henry Hong Jung, Esq.