UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GU SEON SONG,

                                 Plaintiff,

            -v-

SHINHAN BANK AMERICA,

                                 Defendant.

21 Civ. 11207 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    The Court has received letters from plaintiff Gu Seon Song, Dkt. 33, and defendant Shinhan Bank America, Dkt. 37, with respect to an unresolved discovery dispute. The dispute centers on defendant's not having produced documents in response to numerous document demands made by plaintiff. These are identified at the numbered paragraphs in docket 33-1. In a single paragraph response, defendant appears to represent that it does not possess any responsive documents. Dkt. 37.

    Defendant's response is inadequate. It does not respond with specificity to each of plaintiff's requests. It does not leave the Court with any confidence that defendant has mounted a thorough search for responsive documents. And defendant's statement declining to produce notes and records possessed by individual board members on the ground that "[t]he company is not in possession of any such documents" is contrary to law; board members are agents of the defendant and records held by board members are within the company's possession, custody, and control. "Documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14 Civ. 4394 (AJN) (BCM), 2016 WL

5408171, at *5 (S.D.N.Y. Sept. 27, 2016); *see id.* at *6 (corporation has "practical ability" to obtain documents if, *inter alia*, non-party was acting as its agent with respect to relevant events); *cf. In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 181–82 (S.D.N.Y. 2006) (corporation had practical ability to obtain documents from former corporate executive).

The Court accordingly directs that defendant (1) urgently mount a full and thorough search for any materials within defendant's possession, custody, and control, as these terms are properly understood; (2) by Wednesday, December 14, 2022, produce to plaintiff a full bates-stamped set of the responsive materials; and (3) also by Wednesday, December 14, 2022, file, on the docket of this case, a sworn and detailed declaration from counsel attesting, based on counsel's participation and personal knowledge, the procedures used to locate materials responsive to each of the categories of plaintiff's document requests. In the same declaration, defendant is ordered to respond to plaintiff's letter at docket 34, regarding the designation of two meetings' minutes as confidential. *See* Dkt. 34; *see also* Dkt. 36 (ordering defendant to respond to docket 34 by December 2, 2022).

Following these submissions, the parties are directed, by Monday, December 19, 2022, to submit a *joint* letter setting out whether any discovery disputes are outstanding, and a proposed amended case management plan.

The Clerk of the Court is respectfully directed to terminate the motion pending at dockets 33 and 34.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 6, 2022
       New York, New York